IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TROY D. ENGLES                                                                                              PLAINTIFF

v.                                    CIVIL NO. 3:16-CV-3059

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Troy D. Engles, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB and SSI on January 16, 2014, alleging an inability to work since June 1, 2013, due to type I diabetes. (Doc. 10, pp. 51, 59,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

67, 77). An administrative video hearing was held on December 11, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 31-49).

By written decision dated April 3, 2015, the ALJ found that Plaintiff had severe impairments of diabetes mellitus and peripheral neuropathy. (Doc. 10, pp. 16-17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c), except that Plaintiff must avoid hazards, such as machinery and unprotected heights. (Doc. 10, pp. 17-23). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform his past relevant work, he could perform work as a hospital dietary aide, an information clerk, and a final assembler (optical goods). (Doc. 10, p. 23-25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 21, 2016. (Doc. 10, pp. 5-8). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

2

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 413.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to fully and fairly develop the record, and 2) the ALJ erred in his RFC determination. (Doc. 11). [2]

### A.   Full and Fair Development of the Record:

Plaintiff argues that the ALJ erred in failing to fully develop the record by failing to order a consultative physical examination. (Doc. 12, p. 3). The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

---

[2] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

4

In this case, the record consists of RFC Assessments completed by non-examining medical consultants and Plaintiff's medical records, which included clinic notes and hospital records from treating physicians. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### B.     Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. In a Function Report dated April 25, 2014, Plaintiff reported that the pain and swelling that he was experiencing in his feet made it difficult to stand or walk for long periods of time. (Doc. 10, p. 202). However, Plaintiff also reported that he had no problems with personal care; prepared his own meals daily; and did household chores, including laundry and cooking. (Doc. 10, p.

5

204). The Report also stated that Plaintiff would go outside almost every day, could drive a car, go out alone, shop in stores for food, pay bills, count change, handle a savings account, and could use a checkbook or money order. (Doc. 10, p. 205). Plaintiff reported enjoying watching television and tending to a small garden. Plaintiff stated that two to three days per week, he spent time with others; visited friends and family; and attended his son's sporting events. (Doc. 10, p. 206).

This level of activity belies Plaintiff's complaints of pain and limitation, and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities—making breakfast, washing dishes and clothes, visiting friends, watching television and driving—were inconsistent with claim of total disability).

With regard to Plaintiff's physical impairments, the record revealed that Plaintiff was treated at the Mountain Home Christian Clinic and the Community Medical Center of Izard County beginning in approximately April of 2007. Medical records also showed that Plaintiff was treated conservatively, with medication, for his Type 1 Diabetes and his peripheral neuropathy. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). While Plaintiff experienced a few periods of uncontrolled blood sugar and was hospitalized for diabetic ketoacidosis, each time, medical records showed that Plaintiff reported that he had become ill and stopped taking his medications, including his insulin. (Doc. 10, pp. 231, 270, 274). See Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (claimant's failure to follow prescribed course of treatment weighed against credibility when assessing

6

subjective complaints of pain).  Furthermore, Plaintiff testified at the hearing before the ALJ that his diabetes was controlled by diet, for the most part, as well as medication.  (Doc. 10, p. 39). An impairment which can be controlled by treatment or medication is not considered disabling. See Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) (citations omitted).  While Plaintiff testified at the hearing before the ALJ that he was having more severe symptoms of neuropathy, such as swelling and pain in his feet, medical records showed that Plaintiff was on medication for the symptoms and that he often did not report symptoms of neuropathy to his doctors.  (Doc. 10, pp. 41-45).

Upon discrediting Plaintiff's allegation that he is disabled, the ALJ considered hearing testimony that showed Plaintiff worked in construction from 1999 until 2012 and in 2013 as either a heavy equipment operator or a supervisor, and that his last two jobs ended for reasons other than his health concerns.  (Doc. 10, pp. 35-37).  Also considered was hearing testimony also revealed that Plaintiff was diagnosed with diabetes and placed on insulin in April of 2007, which was ongoing during many years of his employment in construction.  "Working generally demonstrates an ability to perform a substantial gainful activity." Branson v. Astrue, 678 F. Supp. 2d 947, 960 (E.D. Mo. 2010) (citing Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005)).

The ALJ also took into account the fact that the medical records showed that on numerous occasions, Plaintiff admitting to smoking a pack of cigarettes a day, despite smoking cessation counseling and a prescription for Chantix.  (Doc. 10, pp. 299, 253-255, 263, 312, 328, 330).  See Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir.2008) (noting that "continued smoking amounts to a failure to follow a prescribed course of remedial treatment" when smoking has a direct impact on the alleged disability).

Lastly, Plaintiff also testified at the hearing that he was still looking for work that would accommodate his capabilities. "Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility." Branson v. Astrue, 678 F. Supp. 2d 947, 960 (E.D. Mo. 2010) (citing Johnson v. Apfel, 240 F.3d 1145, 1148-49 (8th Cir. 2001)).

While it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity prior to the expiration of his insured status. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. The ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

8

In the present case, the ALJ considered the medical assessments of non-examining agency medical consultants, Plaintiff's medical complaints, and his medical records when she determined Plaintiff could perform medium work with limitations during the time period in question. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of non-examining medical professionals and treating physicians and set forth the reasons for the weight given to those opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff's capacity to perform medium work with limitations is supported by the fact that medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). The ALJ's RFC determination is also supported by the findings of the non-examining medical consultants, who opined that Plaintiff could perform medium work with avoidance of even moderate exposure to hazards. (Doc. 10, pp. 56, 72-73).

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set

9

forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a hospital dietary aide, an information clerk, and a final assembler (optical goods). Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 20th day of July, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE